DISABILITY RIGHTS LEGAL CENTER
  Paula D. Pearlman (Cal. State Bar No. 109038)
  paula.pearlman@lls.edu
  Shawna L. Parks (Cal. State Bar No. 208301)
  Shawna.parks@lls.edu
  Carly J. Munson (Cal. State Bar No. 254598)
  Carly.munson@lls.edu
  Andrea F. Oxman (Cal. State Bar No. 252646)
  Andrea.Oxman@lls.edu
919 Albany Street
Los Angeles, CA 90015
Telephone: (213) 736-8366
Facsimile: (213) 487-2106

MILBANK TWEED HADLEY & MCCLOY, LLP
  Linda Dakin-Grimm (Cal. State Bar No. 119630)
  Ldakin@milbank.com
  Daniel M. Perry (Cal. State Bar No. 264146)
  Dperry@lls.edu
  Delilah Vinzon (Cal. State Bar No. 222681)
  Dvinzon@milbank.com
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GARCIA on behalf of himself and others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity, et al., <br><br> Defendants. | Case No.: CV 09-8943-VBF (SHx) <br><br> CLASS ACTION <br><br> **STIPULATED PROTECTIVE ORDER AND [PROPOSED] PROTECTIVE ORDER** <br><br> [Referred to Magistrate Judge Stephen J. Hillman] <br><br> Discovery Cut Off: Sept. 30, 2011 <br> Pre-trial Conference: Jan. 10, 2011 <br> Trial Date: Feb. 8, 2011 |

-1-

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER

The instant action is about the provision of special education, related services, accommodations, and modifications to eligible individuals with disabilities detained in all Los Angeles County Jail facilities ("LACJ").

WHEREAS, discovery in this litigation involves the production of sensitive and confidential information by the parties, IT IS HEREBY STIPULATED AND AGREED TO, by and between the Parties, through their respective counsel of record, that the following Protective Order be entered:

# I. INTRODUCTION AND STATEMENT OF GOOD CAUSE.

### A. Plaintiffs.

The Plaintiff in this action is Michael Garcia on behalf of himself and unnamed class members (collectively, "Plaintiffs").

### B. Defendants.

The Defendants in this action are: 1) the County of Los Angeles, the Los Angeles County Sheriff's Department, and Sheriff Leroy D. Baca (collectively, "the County Defendants"); 2) the California Department of Education and Jack O'Connell, Superintendant of Public Instruction (collectively, "the CDE Defendants"); 3) the Los Angeles Unified School District and Superintendant Ramon Cortines (collectively, "the LAUSD Defendants"); 4) the Los Angeles County Office of Education and Darline P. Robles (collectively, "the LACOE Defendants"); and 5) the Hacienda La Puente Unified School District and Barbara Nakaoka (collectively, "the Hacienda Defendants").

### C. Sensitive And Confidential Information.

Plaintiffs and Defendants (the "Parties") anticipate that during discovery in this action they will exchange documents, items, materials, and other information that contain sensitive, confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. Such sensitive and confidential information may include, but is

-2-

not limited to: (1) documents containing confidential information about class members' identities (including their LACJ booking numbers); requests for special education, related services, accommodations, or modifications; education records; juvenile records; and documentation of their disabilities; (2) medical and mental health records to the extent that such materials may be highly sensitive and confidential; (3) information subject to the Privacy Act (codified at 5 U.S.C. § 552a) or the official information privilege that is protected from disclosure by law; (4) material containing private and confidential third-party information protected by the right to privacy guaranteed in Federal Constitution and the First Amendment; and (5) other records protected by Federal and state law governing the confidentiality of juvenile records, education records, and documentation of disabilities. *See, e.g.,* 20 U.S.C. §§ 1412(a)(8), 1417(c) (Individuals with Disabilities Education Act's designation of students' educational records as confidential); 34 C.F.R. §§ 300.610-627 (same); 20 U.S.C. § 1232g (Family Educational Rights and Privacy Act, protecting privacy of student education records); Cal. Educ. Code §§ 49076-77 (protecting privacy of student education records); 45 C.F.R. §§ 164 *et seq.* (Health Insurance Portability and Accountability Act (HIPPA) lays out privacy rules and standards regarding confidentiality, use, and disclosure of individuals' identifiable health information); Cal. Civil Code §§ 56 *et seq.* (regarding patients' rights to privacy of indeitfiable medical records); Cal. Welf. & Inst. Code § 827 (regulating access to juveniles' case files and information therein).

    The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## II. DEFINITIONS.

### A. Party.

Any party to this action, including all of its officers, directors, employees,

-3-

consultants, retained experts, and outside counsel (and their support staff).

**B. Disclosure or Discovery Material.**

All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**C. "Confidential Information."**

"Confidential Information" shall mean information (regardless of how generated, stored or maintained) which constitutes, reflects or discloses confidential or private information concerning class members' or potential class members' identifying information, booking numbers, juvenile records, education records, and requests for education (including requests for special education, related services or accommodations or modifications to access LACJ educational programs, services, and activities) and any other tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c) or the authorities cited above in Section I-C of this Stipulation. Section I-C is hereby incorporated by reference into this definition.

**D. Documents.**

The term "documents" means all written, recorded, graphic, or electronically stored matter whatsoever, including, but not limited to, materials produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to requests for admissions, and any portion of any Court papers that quote from the foregoing and any other disclosure or discovery material that is designated by the parties as "Confidential." The term "documents" is limited to material or information produced in the above-captioned litigation.

**E. Designating Party.**

A party or non-party that designates information or items disclosed or

produced in response to discovery as "Confidential."

**F. Receiving Party.**

A party that receives disclosure or discovery material containing Confidential Information in this action.

**G. Expert.**

A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**H. Professional Vendors.**

Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

**I.     Counsel.**

For purposes of this Order, "counsel" or "attorney" means counsel of record for the parties of this action and all their employees, agents, experts, and law student clerks, if applicable.

**III. SCOPE.**

Any and all documents including Confidential Information shall be governed by this Order. The protections conferred by this Stipulated Protective Order cover not only Confidential Information (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Information.

**IV. DURATION.**

Even after the termination of this litigation, the confidentiality obligations

-5-

imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V. DESIGNATING PROTECTED MATERIAL.

### A. Exercise of Restraint and Care in Designating Material for Protection.

Each party or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or written communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's or non-party's attention that information or items that it designated for protection do not qualify for protection at all, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

### B. Manner and Timing of Designations.

Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

1. For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" on each page that contains Protected Material. A Receiving Party may also designate documents as "confidential" by informing the party who produced the documents and all other Receiving Parties that the documents contain Confidential Information. The Receiving Party designating the documents as "confidential" shall specify in writing which documents it is

-6-

designating as "confidential," and all Parties shall then affix the legend "CONFIDENTIAL" on each page designated as "confidential."

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential" for the duration of the review. After the Receiving Party has identified the documents it wants copied and produced, the Designating Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Before producing the specified documents, the Designating Party must affix the appropriate legend ("CONFIDENTIAL") on each page that contains Protected Material.

2. For testimony given in deposition or in other pretrial or trial proceedings, that the party or non-party offering or sponsoring the testimony identify on the record or in writing within ten business days after receipt of the deposition or proceeding transcript all protected testimony. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

3. For information produced other than in documentary form, and for any other tangible items, that a Designating Party or Receiving Party (whichever party is deeming the information "confidential") affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions.

4. If documents are produced on a computer disc or other electronic and/or digital format, each page of the documents on the disc that contain Confidential Information, to the extent practicable, shall be designated as such by affixing the

-7-

legend "CONFIDENTIAL" to each page. A sticker indicating that the disc contains some Confidential Information shall also be affixed to the disc. If any of the documents are used at depositions or attached as pleadings, each page of these documents shall be stamped indicating that they are subject to this Stipulated Protective Order.

### C. Inadvertent Failures to Designate.

An inadvertent failure to designate qualified information or items as Confidential does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as Confidential after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGE TO CONFIDENTIALITY DESIGNATION.

If any party objects to the designation of any document(s) produced or filed as "confidential," under the above definitions, that party may file a motion to resolve the dispute regarding whether such document(s) qualified for confidential status pursuant to the procedures outlined in Central District of California Local Rule 37. Interested parties shall attempt to resolve any disagreements before submitting them to the Court through the meet and confer process contemplated by Local Rule 37. Pending resolution of a dispute over the status of documents under this Order, the documents shall be considered confidential subject to protection of this Order. At all relevant times, the party seeking to assert a document's confidentiality bears the burden of showing good cause pursuant to Rule 26(c).

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL.

### A. Basic Principles.

A party may use Confidential Information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting,

-8-

defending, or attempting to settle this litigation. However, a party may disclose documents that relate to a particular person to a third party upon receiving written permission from that person ("authorizing person")

Any party disclosing documents to a third party with written permission shall have the authorizing person execute a copy of the attached disclosure form ("Disclosure Form") (attached hereto as Exhibit A). The party disclosing documents to a third party shall maintain a copy of the executed Disclosure Form for two years after the termination of this litigation. In the event a Party receives any written communication regarding the unauthorized disclosure of document(s), the party maintaining the executed Disclosure Form shall provide the relevant parties with a copy of the executed Disclosure Form upon request.

Confidential Information may only be disclosed to the categories of persons and under the conditions described in this Stipulated Protective Order unless express written permission is obtained by a party from the authorizing person and the procedure above is followed.

Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Documents containing Confidential Information that are filed with the Court must be filed under seal. When submitting or filing records with the Court under seal, the parties shall use the following designation:

**CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER. THIS ENVELOPE, FILED BY [NAME OF THE FILING PARTY], IS NOT TO BE OPENED, NOR THE CONTENTS THEREOF DISPLAYED TO ANYONE OTHER THAN THE COURT AND ITS STAFF, OTHER THAN BY COURT ORDER OR AGREEMENT OF THE PARTIES.**

Portions of documents containing Confidential Information may be attached to any pleadings, motions, affidavits, declarations, deposition transcripts, briefs or other documents filed with the Court. Only documents containing Confidential Information will be filed under seal. The pleadings, affidavits, declarations, depositions transcripts, briefs, or other documents filed with the Court will not be filed under seal.

All Parties to the above-captioned litigation will not refer to class members other than Michael Garcia by name or booking number in pleadings filed with the Court. Instead, the Parties agree to use pseudonyms to refer to class members. Accordingly, pleadings in the above-captioned litigation will not be filed under seal.

**B.     Disclosure of Confidential Information.**

All documents containing Confidential Information shall be controlled and maintained in a manner that precludes access by any persons not entitled to access under this Order. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated as Confidential Information only to:

(a)     Receiving Party's Counsel, including paralegals, investigative, secretarial, and clerical personnel including law students, if applicable, who are engaged in assisting such counsel, in the above entitled action and to whom it is reasonably necessary that disclosure be made;

(b)     Any independent outside expert or consultant, and employees and assistants under the control of such expert or consultant, who is engaged by Receiving Party's Counsel in this litigation, whether or not such expert is paid directly by a party;

  (c) Any director, officer, or employee of a Receiving Party who is requested by counsel for such party to work directly on the above-entitled action and to whom it is reasonably necessary that disclosure be made;

  (d) Any deposition or trial witness;

  (e) Any person who authored the particular Confidential Information sought to be disclosed;

  (f) Any court or other shorthand reporter or typist recording or transcribing testimony;

  (g) Class members, inmates in the LACJ, or former LACJ inmates[1] who request to receive all documents about themselves; or

  (h) the Court.

Confidential Information shall not be disclosed to persons described in paragraphs 9(b) or (d) unless or until such persons have been provided with a copy of this Order and have agreed in writing to abide by and comply with the terms and provisions therein.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential, the Receiving Party must so notify the Designating Party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the

---

[1] The County Defendants do not waive and expressly reserve any objection to discovery requests or document productions for former LACJ inmates as they are not members of the class.

-11-

subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX. INADVERTENT DISCLOSURE.

Should any Confidential Information be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Order, then the disclosing person(s) shall promptly: (a) identify the recipient(s), and the circumstances of the unauthorized disclosure to the relevant producing person(s); and (b) use best efforts to bind the recipients to the terms of this Order. No information shall lose its confidential status because of any inadvertent disclosure to a person not authorized to receive it under this Order, provided that the corrective action under this section is taken.

## X. MISCELLANEOUS/ NO WAIVER OF OBJECTIONS.

Upon conclusion of the above-entitled action, the provisions of this Order shall continue to be binding. This Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties and by Order of this Court if the Court finds appropriate, upon reasonable written request. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to entry of this Stipulated Protective Order, no party waives any right it otherwise would have to object to

-12-

disclosing or producing any information or items on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to the use in evidence of any of the materials covered by this Stipulated Protective Order.

Dated: June 23, 2010            MILBANK TWEED HADLEY & MCCLOY, LLP
                                DISABILITY RIGHTS LEGAL CENTER

                                By: _____
                                    Andrea F. Oxman
                                    Attorneys for Plaintiffs

Dated: June __, 2010            ATKINSON, ANDELSON, LOYA, RUUD & ROMO

                                By:_____
                                    Adam J. Newman
                                    Marlon C. Wadlington
                                    Attorneys for Defendants LOS ANGELES
                                    COUNTY OFFICE OF EDUCATION and
                                    DARLINE P. ROBLES

Dated: June __, 2010            OFFICE OF THE ATTORNEY GENERAL

                                By:_____
                                    Glenda Reager
                                    Attorneys for Defendants CALIFORNIA
                                    DEPARTMENT OF EDUCATION and
                                    SUPERINTENDENT JACK O'CONNELL

disclosing or producing any information or items on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to the use in evidence of any of the materials covered by this Stipulated Protective Order.

Dated: June __, 2010        MILBANK TWEED HADLEY & MCCLOY, LLP
                            DISABILITY RIGHTS LEGAL CENTER

                            By:_____
                                Andrea F. Oxman
                                Attorneys for Plaintiffs

Dated: June __, 2010        ATKINSON, ANDELSON, LOYA, RUUD & ROMO

                            By:_____
                                Adam J. Newman
                                Marlon C. Wadlington
                                Attorneys for Defendants LOS ANGELES
                                COUNTY OFFICE OF EDUCATION and
                                DARLINE P. ROBLES

Dated: June 17, 2010        OFFICE OF THE ATTORNEY GENERAL

                            By: /s/ Glenda Reager
                                Glenda Reager
                                Attorneys for Defendants CALIFORNIA
                                DEPARTMENT OF EDUCATION and
                                SUPERINTENDENT JACK O'CONNELL

-13-

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER

disclosing or producing any information or items on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to the use in evidence of any of the materials covered by this Stipulated Protective Order.

Dated: June __, 2010      MILBANK TWEED HADLEY & MCCLOY, LLP
                          DISABILITY RIGHTS LEGAL CENTER


                          By:_____
                             Andrea F. Oxman
                             Attorneys for Plaintiffs

Dated: June 22, 2010      ATKINSON, ANDELSON, LOYA, RUUD & ROMO


                          By:_____
                             Adam J. Newman
                             Marlon C. Wadlington
                             Attorneys for Defendants LOS ANGELES
                             COUNTY OFFICE OF EDUCATION and
                             DARLINE P. ROBLES

Dated: June __, 2010      OFFICE OF THE ATTORNEY GENERAL


                          By:_____
                             Glenda Reager
                             Attorneys for Defendants CALIFORNIA
                             DEPARTMENT OF EDUCATION and
                             SUPERINTENDENT JACK O'CONNELL

-13-

Dated: June 23, 2010          LAWRENCE BEACH ALLEN & CHOI, PC

By: _____
Justin W. Clark
Attorneys for Defendants LOS ANGELES COUNTY, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and SHERIFF LEROY D. BACA

Dated: June __, 2010          LITTLER MENDELSON P.C.

By: _____
Barrett Green
Daniel Gonzalez
Attorneys for Defendants LOS ANGELES UNIFIED SCHOOL DISTRICT and RAMON C. CORTINES

Dated: June __, 2010          BEST, BEST & KRIEGER, LLP

By: _____
Jack B. Clarke
Attorneys for Defendants HACIENDA LA PUENTE UNIFIED SCHOOL DISTRICT and BARBARA NAKAOKA

### [PROPOSED] ORDER

Good cause appearing for the issuance of a protective order, IT IS HEREBY ORDERED that the Protective Order shall be, and is hereby, entered.

Dated: 6/25/10          _____
Hon. Stephen J. Hillman

-14-

```
Dated: June __, 2010          LAWRENCE BEACH ALLEN & CHOI, PC


                              By:_____
                                 Justin W. Clark
                                 Attorneys for Defendants LOS ANGELES
                                 COUNTY, LOS ANGELES COUNTY SHERIFF'S
                                 DEPARTMENT, and SHERIFF LEROY D. BACA


Dated: June __, 2010          LITTLER MENDELSON P.C.


                              By:_____
                                 Barrett Green
                                 Daniel Gonzalez
                                 Attorneys for Defendants LOS ANGELES
                                 UNIFIED SCHOOL DISTRICT and RAMON C.
                                 CORTINES


Dated: June __, 2010          BEST, BEST & KRIEGER, LLP


                              By:_____
                                 Jack B. Clarke
                                 Attorneys for Defendants HACIENDA LA
                                 PUENTE UNIFIED SCHOOL DISTRICT and
                                 BARBARA NAKAOKA
```

### [PROPOSED] ORDER

Good cause appearing for the issuance of a protective order, IT IS HEREBY ORDERED that the Protective Order shall be, and is hereby, entered.

Dated: _____                         _____
                                          Hon. Stephen J. Hillman

-14-

Dated: June __, 2010          LAWRENCE BEACH ALLEN & CHOI, PC

By: _____
   Justin W. Clark
   Attorneys for Defendants LOS ANGELES
   COUNTY, LOS ANGELES COUNTY SHERIFF'S
   DEPARTMENT, and SHERIFF LEROY D. BACA

Dated: June __, 2010          LITTLER MENDELSON P.C.

By: _____
   Barrett Green
   Daniel Gonzalez
   Attorneys for Defendants LOS ANGELES
   UNIFIED SCHOOL DISTRICT and RAMON C.
   CORTINES

Dated: June __, 2010          BEST, BEST & KRIEGER, LLP

By: _____
   Jack B. Clarke
   Attorneys for Defendants HACIENDA LA
   PUENTE UNIFIED SCHOOL DISTRICT and
   BARBARA NAKAOKA

## [PROPOSED] ORDER

Good cause appearing for the issuance of a protective order, IT IS HEREBY ORDERED that the Protective Order shall be, and is hereby, entered.

Dated: 6/25/10          _____
   Hon. Stephen J. Hillman
-14-

## Exhibit A

## AUTHORIZATION TO DISCLOSE INFORMATION AND/OR RECORDS TO A THIRD PARTY

I _____ [insert name], D.O.B. _____, hereby authorize _____ [insert organization or firm name] to disclose the records described below to third parties that I designate.

Medical Records: ☐

Educational Records: ☐

Other Private / Confidential Information: ☐

Juvenile Records: ☐

*(Check all boxes that apply)*

This authorization shall expire one year from the date of execution.

_____                    _____
Print Name                                                                          Date

_____
Signature

-15-

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER